UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IN RE:

World Wide Financial Services, Inc.,  Case No. 05-75180
                 Chapter 7
      Debtor.       Hon. Phillip J. Shefferly
_____/

**ORDER DENYING "CORRECTED MOTION"**
**TO TURNOVER PROPERTY**

On November 28, 2007, the Trustee filed a "corrected motion" for entry of an order requiring turnover of property of the estate (docket entry #491). The title of the "corrected motion" requests the Court to enter an order:

> mandating the turnover of all property of the estate in the possession of the State of Michigan and/or the Washington International Insurance Company and/or the North American Specialty Insurance Company and/or the Fidelity and Deposit Company of Maryland pursuant to Rule 7001 and Rule 9014 of the Federal Rules of Bankruptcy Procedure and § 542(a) of the Bankruptcy Code.

Paragraph 12 of the corrected motion alleges that "upon information and belief" four non-debtor entities consisting of Washington National Insurance Company, North American Insurance Specialty Company, Fidelity and Deposit Company of Maryland, and/or the State of Michigan, are "in possession of property of the estate." The corrected motion does not identify the property of the estate that the Trustee believes to be in the possession of one or more of such non-debtor entities. On January 14, 2008, the Trustee filed a certification of non response to the motion (docket entry #546) and the following day filed an amended certification of non response (docket entry #547). The Trustee then submitted a proposed order to the Court granting the motion. After reviewing the

motion, the Court concludes that it must be denied as procedurally deficient.

The corrected motion seeks relief under § 542(a) of the Bankruptcy Code. That section provides that "an entity, other than a custodian, in possession, custody, or control, during the case, of property that the trustee may use, sell or lease under § 363 of this title, . . . shall deliver to the trustee, and account for, such property or the value of such property, unless such property is of inconsequential value or benefit to the estate." The title of the Trustee's corrected motion refers to Fed. R.. Bankr. P. 7001 and 9014. Bankruptcy Rule 7001 identifies those proceedings that are governed by part VII of the Bankruptcy Rules and that are required to be filed by adversary proceedings. Bankruptcy Rule 7001(1) includes within the proceedings required to be filed as adversary proceedings a "proceeding to recover money or property, other than a proceeding to compel the debtor to deliver property to the trustee . . . ." Bankruptcy rule 9014(a) provides that a contested matter "not otherwise covered by these rules" shall be by motion. Because the corrected motion seeks recovery of property, it is squarely within Bankruptcy rule 7001(1). Therefore, because Bankruptcy Rule 9014 only applies to a contested matter "not otherwise covered" by the Bankruptcy Rules, it does not apply to the corrected motion.

The case law that has considered the proper procedure for recovery of property under § 542 also does not assist the Trustee. The most frequently cited case is <u>In re Perkins</u>, 902 F.2d 1254 (7th Cir. 1990). Two creditors sought turnover of the debtor's pension fund account to the bankruptcy trustee. 902 F.2d at 1255. Like this case, the request for turnover was filed by motion rather than adversary proceeding. The bankruptcy court denied the motion, but the district court reversed. In vacating the orders, the Court of Appeals explained that:

-2-

> A turnover action is an adversary proceeding which must be commenced by a properly filed and served complaint. The [creditors], however, entered the matter by filing a motion. A turnover proceeding commenced by motion rather than by complaint will be dismissed, and a turnover order entered in an action commenced by motion will be vacated.

902 F.2d at 1258 (citations omitted); see also Camall Co. v. Steadfast Insurance Co. (In re Camall Co.), Nos. 99-2198, 99-2504, 16 Fed. Appx. 403, 407-08 (6th Cir. July 31, 2001) (finding that "[t]he Bankruptcy Rules require that a party seeking [ ] turnover file that request as an adversary proceeding rather than as a motion" and distinguishing cases "where courts allowed parties to proceed on a mere motion"); Barringer v. Eab Leasing (In re Barringer), 244 B.R. 402, 410 (Bankr. E.D. Mich. 1990) ("[T]here are a range of potentially complex considerations which can enter into a determination that property is or is not subject to turnover. It, therefore, should be no surprise that such a determination is to be made in the context of an adversary proceeding.") (citations omitted).

Bankruptcy Rule 7001(1) clearly requires an adversary proceeding to be filed to obtain the relief requested by the Trustee's corrected motion. The Trustee acknowledges the existence of that rule by citing it in the title to the corrected motion but provides no reason why the Court should not apply it. The need for an adversary proceeding is especially heightened in this case because the corrected motion does not even identify the property of the estate that the Trustee believes to be within the possession of any of the four non-debtor entities. The Trustee's corrected motion states in paragraph 12 only that "upon information and belief" one or more of such entities are in possession of property of the estate. The open ended relief sought by the corrected motion, consisting of a blanket order to turnover all property of the estate even though unidentified in the corrected motion, cannot be obtained through a motion but must be sought only in an adversary proceeding under

-3-

Bankruptcy Rule 7001(1).  Accordingly,

    IT IS HEREBY ORDERED that the Trustee's corrected motion (docket entry #491) is denied.

**Signed on January 23, 2008**

                                         **/s/ Phillip J. Shefferly**
                                         **Phillip J. Shefferly**
                                         **United States Bankruptcy Judge**